### John Pollard v. Samuel Donovan et al.

1. DEMURRER—*Ruling upon; When Harmless Error.*—In a suit by executors where a plea of set-off, amenable to the statute of limitations, is filed, to which the court erroneously sustained a demurrer, but as it was the duty of the executors to interpose the bar of the statute which would have defeated the set-off, the ruling of the court on the demurrer, while erroneous, is not reversible error.

Assumpsit, on a promissory note. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899. Rehearing denied.

D. D. EVANS, attorney for the plaintiff in error.

LOVE & JEWELL, attorneys for defendants in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, by the defendants in error, as executors of the last will and testament of William Pollard, deceased, against the plaintiff in error, prosecuted in the Circuit Court of Vermilion County, where a trial was had by jury, and a verdict and judgment obtained by them against him for $2,110.50.

The declaration was upon a promissory note, dated June 28, 1888, for $1,150, payable to Mary Ann Pollard, thirty days after date, with interest at the rate of eight per cent per annum, from date until paid, and providing for an attorney's fee for collecting the same, signed by John Pollard, the plaintiff in error, and indorsed to the defendants in error by the payee named therein.

To this declaration the plaintiff in error interposed a plea of general issue, a plea of set-off, a plea of payment, a plea of want of consideration, and a plea of the statute of limitations. The defendants in error demurred to the plea of set-off, and the court sustained the demurrer over the objection of the plaintiff in error. Issue was joined on the other pleas.

The plaintiff in error brings the case to this court, and urges a reversal of the judgment of the court below, on the grounds that the Circuit Court improperly sustained the demurrer to his plea of set-off, and that the verdict is against the law and the evidence.

The evidence shows that William Pollard received from England, $4,000, which he, in his lifetime, gave to his wife, Mary Ann Pollard, the person named as payee of the note sued on. On July 3, 1886, William Pollard died testate, and by the terms of his will he appointed the defendants in error the executors thereof, and bequeathed therein to them all his moneys, the same to be loaned out by them, and the interest accruing thereon to be paid to his widow (Mary Ann Pollard) for, and during her life, and at her death, the

money to be paid to his son, the plaintiff in error, and another son and daughter.

The executors of this will (the defendants in error) found the note sued on, among some papers in the possession of an imbecile son of the deceased, and claimed it belonged to the estate of William Pollard, deceased; the widow, Mary Ann Pollard, claimed it also, but was willing to, and did assign it to them, by her written indorsement thereon, upon their promise to pay her the interest thereafter to accrue upon the money represented by the note, during her lifetime.

The evidence further disclosed that the claim of the plaintiff in error set out in his plea of set-off, was a debt contracted verbally, to be paid him by his father in his lifetime, and which was due before his father's death, and was past due much more than five years, before suit was instituted thereon.

While on the face of the pleadings, the Circuit Court improperly sustained the demurrer to the plea of set-off, yet inasmuch as it would have been the duty of the executors to interpose the bar of the statute of limitations to this claim of the plaintiff in error, sought to be enforced by his plea of set-off, which would have defeated it, the plaintiff in error has not been injured by the ruling of the court on the demurrer; hence it appears from the whole record, that the ruling of the court on the demurrer, while erroneous, was not reversible error, forasmuch as it worked in the end, no substantial injury to the plaintiff in error.

Finding that the evidence supports the verdict and judgment rendered in the Circuit Court, we affirm its judgment. Judgment affirmed.